UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

LUIGI LORENZO,

    Plaintiff,

v.

                                  Case No:

EQUIFAX, INC. and SERVICE
FINANCE COMPANY, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Luigi Lorenzo ("Plaintiff" or "Lorenzo"), by and through his undersigned counsel, hereby files this Complaint against Defendants, Equifax, Inc. (hereafter "Equifax") and Service Finance Company, LLC, (hereafter "Service Finance") (collectively "Defendants") and states as follows:

### NATURE OF ACTION

1. This action is brought under 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act), to redress Defendant's continued reporting that Plaintiff is seriously delinquent on a loan, which was inaccurate. Plaintiff brings this action for actual, statutory, and punitive damages, costs and attorney's fees.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida and is a "consumer" as

1

defined by 15 U.S.C. § 1681a(c).

5. Defendant Equifax is a Georgia corporation registered to do business in Florida with its principal office address in Georgia.

6. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

7. Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties, and is subject to this Court's jurisdiction at it transacts business in this District.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Defendant Service Finance is a business entity and furnisher of credit information doing business in Tampa, Florida.

10. Defendant Service Finance is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5).

## STATEMENT OF FACTS

11. Plaintiff has a loan for solar panels in the amount of approximately $29,192.00 ("the Loan").

12. Service Finance Company, LLC ("Service Finance") is the servicer of Plaintiff's Loan.

13. As a result of the global COVID-19 pandemic, in March 2020 Plaintiff made arrangements with Service Finance to enter a forbearance program for the Loan.

14. As a result, starting in April 2020, Plaintiff's Loan was in forbearance with Service Finance.

15. While seeking to refinance his mortgage in September 2020, Plaintiff was unable to secure a new loan due to his credit. Plaintiff investigated and obtained a credit report in September 2020.

16. Plaintiff discovered that Service Finance had reported that he was delinquent on the Loan.

17. Plaintiff disputed the reported delinquency with Service Finance, who acknowledged that an error in its system caused Plaintiff and others in the forbearance program to be reported as delinquent to consumer reporting agencies.

18. Service Finance advised Plaintiff that it resolved and corrected the inaccurate reporting error, which was reflected in credit reports provided by other consumer reporting agencies such as TransUnion and Experian. However, Defendant continued to report the inaccurate information that the Plaintiff was "delinquent" on the Loan.

19. On September 28, 2020, Plaintiff disputed the reported delinquency on the Loan with Defendant via its online dispute tool.

20. On October 13, 2020, Plaintiff again disputed the reported delinquency on the Loan with Defendant via its online dispute tool. On October 15, 2020, Defendant Equifax responded to Plaintiff's dispute by noting, "[t]he information you disputed has been updated. Account # [redacted]. The results are: We verified that this item belongs to you.…If you have additional questions about this item please contact: Service Finance..."

21. On October 29, 2020, Plaintiff disputed the reported delinquency on the Loan with Defendant via its online dispute tool for a third time.

22. On November 6, 2020, Plaintiff pulled a new Equifax credit report and found that Defendant had continued to inaccurately report him as delinquent on the Loan, reporting that

Plaintiff was 30 days delinquent in April 2020 and 180 days delinquent in May, June and July 2020.

23. On November 11, 2020, Plaintiff disputed the reported delinquency on the Loan with Defendant via its online dispute tool for a fourth time. On the same day (November 11, 2020), Defendant Equifax responded to Plaintiff's dispute by noting, "[t]he information you disputed has been updated as well as other information on this item.  Account # [redacted].  The results are: This account has been updated. Additional information has been provided from the original source regarding this item. Historical account information was updated on this account. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *BALANCE  *DATE OF LAST PAYMENT * HISTORICAL ACCOUINT INFORMATION.  If you have additional questions about this item please contact:  Service Finance..."

24. On November 23, 2020, Plaintiff disputed the reported delinquency on the Loan with Defendant for the fifth time by sending a letter to Defendant. On December 4, 2020, Equifax responded to Plaintiff's dispute by noting, "[w]e have researched the credit account.  Account # [redacted].  The results are: We verified that this item has been reported correctly…If you have additional questions about this item please contact:  Service Finance..."

25. However, on January 7, 2021, Plaintiff pulled a new Equifax credit report and found that Defendant had continued to inaccurately report him as delinquent on the Loan, reporting that Plaintiff was 30 days delinquent in January 2020 and 180 days delinquent in February, March and April 2020.

26. Plaintiff was never late in making any payment on the Loan to Service Finance at any point in 2020.  Plaintiff has always made timely payments to Service Finance and/or been provided with forbearance for making payments.

27. Plaintiff does not owe any arrearages to Service Finance.

28. Despite his disputes to Defendant, Defendant continues to list negative reports to Plaintiff's account with Service Finance, as recently as January 7, 2021.

29. As a result of Defendants' conduct, Plaintiff has been unable to refinance his mortgage and faces the prospect that he will lose his home.

30. As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. As a result of the foregoing, Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I - FAILURE TO REINVESTIGATE

32. Plaintiff repeats each and every allegation of Paragraphs 1 through 31 as fully set forth herein at length.

33. Defendant Equifax failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

34. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

35. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a) Appropriate statutory penalties for each violation of the FCRA;
    (b) Actual damages;

    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT II - FAILURE TO ASSURE ACCURACY

36. Plaintiff repeats each and every allegation of Paragraphs 1 through 31 as fully set forth herein at length.

37. Defendant Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

39. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT III - REPORTING INFORMATION WHICH IT CANNOT VERIFY

40. Plaintiff repeats each and every allegation of Paragraphs 1 through 31 as fully set forth herein at length.

41. Defendant Equifax failed to delete the negative reports regarding Plaintiff's Loan from the credit report and credit files maintained and published concerning Plaintiff after a

reinvestigation would have found the Loan to be current, in violation of 15 U.S.C. § 1681i(a)(5).

42. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

43. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT IV
### Violation of FCRA 1681s-2(b)(1)(A) and (B)
### Service Finance, LLC

43. Plaintiff re-alleges and reincorporates paragraphs 1 through 31, as if fully set forth herein

44. On at least one occasion within the past two years, by example only and without limitation, Service Finance violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

45. On one or more occasions within the past year, by example only and without limitation, Service Finance violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

46. When Plaintiff mailed his detailed, written disputes and enclosures to the Equifax, they used e-Oscar to transmit those disputes to Service Finance via ACDV forms.

47. The ACDV form is the method by which Service Finance has elected to receive consumer disputes pursuant to 15 U.S.C. §§ 1681i(a) and 1681s-2(b).

48. Service Finance understood the nature of the Plaintiff's dispute when it revived the ACDV from Equifax.

49. When Service Finance received the ACDV from Equifax, it as well could have reviewed its own systems and previous communications with the Plaintiff.

50. Notwithstanding the above, discovery will show Service Finance follows a standard and systematically unlawful process when it received the ACDV dispute. Basically, all Service Finance does is review its own internal computer screen with basic data for the account and repeat back to the ACDV system the same information Service Finance already had reported to Equifax. Service Finance at all times had knowledge that the Plaintiff was not delinquent on his account.

51. When Service Finance receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is accurate.

52. As a result of Service Finance's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, other mental and emotional distress, and loss of ability to obtain credit.

53. Service Finance's conduct, action, and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover attorney's fees and costs from Service Finance in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury as to all counts so triable.

Date: March 31, 2021

Respectfully Submitted,
*/s/ Dennis A. Creed, III*
Bradley R. Hall, Esq.
Florida Bar No.: 26172
Email: bhall@creedlawgroup.com
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a
Creed & Hall
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121

and

*/s/ Christopher W. Boss*
BOSS LAW
Christopher W. Boss, Esq.
Fla. Bar No.: 13183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Email: cpservice@protectyourfuture.com

*Attorneys for Plaintiff*